Argued and submitted February 21, Banks High School, Banks,
affirmed March 28, 2007

## CITY OF PORTLAND,
*Plaintiff-Respondent,*

*v.*

## RUSSELL DENNIS KING,
*Defendant-Appellant.*

Multnomah County Circuit Court
041053219; A129520

156 P3d 87

John L. Susac, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Harry Auerbach, Chief Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

### LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a loaded firearm in a public place, in violation of Portland City Code (PCC) 14A.60.010. He assigns error to the trial court's denial of his motion for a judgment of acquittal, based on the insufficiency of the evidence that he possessed a loaded firearm in a "public place." We affirm.

We state the facts in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt. ORS 136.445; *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998).

A utility worker reported to police that he had seen defendant walk across the street to a neighbor's house while carrying a shotgun. The utility worker saw defendant peer into the bushes at the neighbor's house and then walk back across the street and into his house. Police arrived shortly thereafter. They knocked on the side of the house and asked defendant to come outside. Defendant promptly walked outside onto his front porch holding the shotgun. A precise description of the front porch is not in the record, but defendant does not dispute that it is "a place where any [member] of the public could walk up to, if they wanted to knock on the door." The police arrested defendant for possession of a firearm in a public place.

At trial, at the close of the city's case, defendant moved for a judgment of acquittal. He argued that, although the shotgun was loaded when he greeted the police on the front porch, the city had failed to prove that the front porch was a "public place" within the meaning of the law. The trial court denied the motion and found defendant guilty of the offense.

■ On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal because, among other things, the city failed to prove that he had possessed the loaded shotgun in a "public place." The city contends that the trial court did not err, because the evidence was sufficient to establish that, when defendant stood on his

front porch with the loaded shotgun, he was in a "public place" within the meaning of the city ordinance.

 The city ordinance that defines the offense of possession of a loaded firearm in a public place defines "public place" as

> "a publicly or privately owned place to which the general public has access and may include but is not limited to public property and areas of private property open to the public, such as spaces within apartment houses and hotels not constituting rooms or apartments designed for actual residence, schools, places of amusement, parks, playgrounds, and premises used in connection with public passenger transportation."

PCC 14A.10.010(O). The interpretation of that ordinance is governed by the rules that pertain to the interpretation of legislative enactments generally. *Lincoln Loan Co. v. City of Portland*, 317 Or 192, 199, 855 P2d 151 (1993) (rules that govern construction of statutes also govern construction of municipal ordinances). Under those rules, terms that are defined in the enactment itself must be construed in accordance with those definitions. *See State v. Couch*, 341 Or 610, 619, 147 P3d 322 (2006) ("We are obliged to apply the legislature's definition" of relevant terms.). In construing the definitions, we presume that the enacting body intends that its words be given their plain, natural, and ordinary meanings. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) ("[W]ords of common usage typically should be given their plain, natural, and ordinary meaning.").

In this case, the ordinance defines a "public place" as, among other things, one "to which the general public has access." The term "access" commonly refers to "permission, liberty, or ability to enter, approach, communicate with, or pass to and from." *Webster's Third New Int'l Dictionary* 11 (unabridged ed 2002). Nothing in the ordinance suggests that its use of the term was intended to embrace something other than its ordinary meaning. The evidence is undisputed that defendant's front porch is "a place where any [member] of the public could walk up to, if they wanted to knock on the door." Thus, it is undisputed that defendant's front porch is a place to which the general public has access.

Defendant insists that we should reach a contrary conclusion because there is no mailbox or other indication that the public has been expressly invited onto his front porch. The ordinance, however, requires no such evidence of an express invitation. We take the ordinance as we find it. *Couch*, 341 Or at 619. Given the definition of "public access" in that ordinance, defendant's argument is not well taken.

Affirmed.